(No. 76-CC-1405—)

JOSEPH J. DUFFY, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1978.*

SCHIFF, HARDIN & WAITE, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; CARL J. KLEIN, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This matter comes before the Court on Claimant's motion for partial summary judgment and Respondent's objections to said motion.

This matter arises over bids for building a new Parker High School. The bids for said school were opened on October 30, 1975, and the two lowest bids were

| | |
|---|---|
| Walsh | $1,360,000.00 |
| Duffy | $1,544,863.00 |

On November 4, 1975, Walsh's bid was rejected due to an omission in a F.E.P.C. form regarding the entry of a miniority subcontractor who would do work having a value of not less than 30 percent of the awarded contract value.

Duffy received a notice of award, dated November 7, 1975, which he claims he received on November 6, 1975. This notice stated, in part:

"Do not commence any work until you have received notice to proceed..."

On November 7, 1975, a mailgram was sent to Duffy confirming the message of November 7, 1975, that the notice of award had been rescinded. On November 10, 1975, the Capital Development Board

(CDB) confirmed its rescission notice of November 7, 1975. The reason for the rescission was based on a mistake as to the lowest responsible bidder.

Claimant's motion is based upon an action for breach of contract. It is Claimant's position that the contract had been accepted and that the attempted rescission is illegal.

The controversy arises primarily over the fact that one of the essential bidding requirements was that not less than 30 percent of the awarded contract value must be performed by a minority subcontractor. In order to implement the Minority Contractor Participation requirement, each bidder was required to complete Form R.P.M.C.-1, on or before October 30, 1975, giving the name of the qualified minority subcontractor participant. This was not done in the Walsh bid.

On November 7, 1975, Duffy wrote to Mr. Moynihan, former Acting Executive Director of the Capital Development Board of the State of Illinois, acknowledging to the CDB its receipt of the notification of the pre-construction conference which was to be held on November 14, 1975, and in accordance with the CDB's request, Duffy returned to the CDB executed copies of the form of Owner-Contractor Agreement, Performance Bond, the Labor and Material Payment Bond, and the Certificate of Insurance. The CDB admittedly knew Duffy was ready, willing and able to perform the structural concrete work for the project but blocked the performance of the contract.

The Respondent's position is that the CDB relied on a "mistake" to support its rescission of the contract—the mistake being that they rejected the Walsh bid in the first instance. This came as a result of not being aware that Walsh intended to perform the work

without the use of a subcontractor which eliminated the need to enter the name of the minority subcontractor. The CDB had not made any provision for a bid similar to the one made by Walsh.

. It is the State's contention that the rescission was not even necessary in the present case—its position being that a contracting party cannot one day award to contractor A and on the next to contractor B so long as he has the discretion to award to another.

It is also the State's contention that the mandates of the "Illinois Purchasing Act" (Ill. Rev. Stat., Ch. 127, sec. 132.1) does not give the Capital Development Board unfettered discretion to choose between the lowest responsible bidder and the next to low. It must award to the lowest bidder.

The statute being clear in matters of this kind, it was mandatory that the bid be given to the lowest bidder, which was the Walsh Construction Company.

Motion for Partial Summary Judgment is hereby denied and said cause is dismissed.